IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS GRADY LAYTON | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv610 |
| PAULA SCHANDELMEIER, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff Thomas Grady Layton, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

**I.     BACKGROUND**

The complaint was filed on September 20, 2012, covering the previous two years that Plaintiff has been incarcerated in the Collin County Detention Facility. He asserted that he is legally blind but with correctable vision. However, he further alleged he had nothing to correct his vision except disposable contact lenses rated for two week duration. He claimed he has been wearing his current pair for a year and has only one set left. He asserted he has complained and asked for an eye examination, but his request has gone unanswered. He sued Paula Schandelmeier, the Head Nurse in the Collin County Sheriff's Office Medical Department, and the Collin County Sheriff's Office. He sought an eye examination, that a vision prescription be provided, "and, or $500,00.00 compensation." Complaint at 4.

1

On November 1, 2012, the undersigned issued a Report and Recommendation ("R&R") that the Collin County Sheriff's Department be dismissed as a non-jural entity not capable of suing or being sued, and that the lawsuit be allowed to proceed against Defendant Schandelmeier. Without awaiting a determinative order on the R&R, Defendant Schandelmeier filed an answer on November 13, 2012. *See* docket entry #11. Absent a timely objection, on November 21, 2012, an Order of Partial Dismissal issued adopting the R&R, dismissing the Collin County Sheriff's Department with prejudice and ordering the claim against Defendant Schandelmeier to proceed. The Court then issued a Scheduling Order, *see* docket entry #13, which included a schedule for filing of dispositive motions.[1] On December 13, 2012, Defendant Schandelmeier filed her Motion for Summary Judgment ("MSJ") and Brief in Support on the issue that Plaintiff failed to exhaust his administrative remedies prior to filing the lawsuit. *See* docket entry #16.

The time has passed for Plaintiff to have filed a response in opposition to the MSJ and he has not done so. Ordinarily, when a nonmovant does not file an opposition to a motion, including a dispositive motion, the Court may assume the nonmovant has no opposition to it. *See* E.D. Tex. Local R. CV-7(d). In this case, however, Plaintiff has filed a Notice of Discovery Disclosure, including the documents he has disclosed to the Defendant, which includes copies of documents he filed in the Collin County Detention Facility. *See* docket entry #17 and exhibits thereto. In his cover letter, he identifies under item #2 a "facility grievance" and commented that the "facility only has a one step grievance process . . . ." *See id*. at PageID #59. That statement actually addresses the heart of Defendant's MSJ. Therefore, the Court will not simply assume non-opposition.

---

[1] The Scheduling Order also directed the Clerk to correct the Defendant's last name on the docket from "Schandelmeir," as was presented in the complaint, to "Schandelmeier," pursuant to information provided in Defendant's Answer.

## II. STANDARD ON SUMMARY JUDGMENT

Rule 56(a), Fed. R. Civ. P., provides that the Court may only grant a motion for summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *VRV Development L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Little*, 27 F.3d at 1075. Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id*.

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The evidence of the nonmovant is to be believed

and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "When the moving party has carried its burden under Rule 56(c),[2] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (footnote omitted).

Furthermore, in that this is a civil rights claim pursuant to 42 U.S.C. § 1983, "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury

---

[2] The predecessor to the current Rule 56(a).

traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lemons v. Swann*, 412 Fed. Appx. 672, 673 (5th Cir. 2011) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)).

## III. DISCUSSION AND ANALYSIS

Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with regard to the claims as enumerated in his complaint. In support of this assertion, Defendant has submitted as summary judgment evidence a number of exhibits including Plaintiff's identifying information and charge sheet; Grievance Procedure information sheets signed by Plaintiff on June 8, 2010, and July 19, 2009; a Collin County Jail Grievance/Complaint Form executed by Plaintiff on August 27, 2012; the Complaint Reply Form thereto executed by Paula Schandelmeier on August 20, 2012; the Affidavit of Paula Schandelmeier; and the Affidavit of Charles Adams, Assistant Chief and Jail Administrator, Collin County Sheriff's Office. *See* MSJ Ex. 1-7. Defendant also has asserted the existence of Undisputed Material Facts ("UMF") Nos. 2 - 12.

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Later, the Supreme Court reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative

5

remedies. *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id*. at 83 (which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)[,]" quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.), *cert. denied*, 537 U.S. 949, 123 S. Ct. 414, 154 L. Ed. 2d 293 (2002)). Most recently, the Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." However, "failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Subsequently, the Fifth Circuit added that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Torns v. Mississippi Dept. of Corrections*, 301 Fed. Appx. 386, 388-89 (5th Cir. 2008) (per curiam).

Most recently, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," *Gonzalez v. Seal*, - - - F.3d - - - -, 2012 WL 6176482, at *2 (5th Cir. Dec. 12, 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, - - - F.3d - - - -, 2012 WL 6635226, at *4 (5th Cir. Dec. 21, 2012) (quoting *Gonzalez*), and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement," *Gonzalez*, 2012 WL 6176482, at *3. Having reaffirmed the mandatory nature of exhaustion in *Gonzalez*, the Fifth Circuit again noted that "'failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.'" *Id*. at *2 n.1 (quoting *Jones*, 549 U.S. at 216, 127 S. Ct. 910). However, the Fifth Circuit did not retreat from its position

6

in *Carbe*, *supra*, that a complaint is still subject to dismissal where the prisoner's failure to exhaust appears on the face of the complaint.

Here, failure to exhaust is not apparent on the fact of Plaintiff's complaint. However, Defendant affirmatively pleads failure to exhaust in her answer, *see* Answer at 2, ¶ 11, and the MSJ.

In her MSJ Undisputed Material Facts, Defendant acknowledges Plaintiff's allegations that he is legally blind but is able to see using corrective lenses; and that Plaintiff alleges Defendant failed to make available to him an eye examination and a prescription for corrective lenses. *See* UMF Nos. 3, 4. These are adequately represented in Plaintiff's complaint.

Defendant asserts the existence of an inmate grievance procedure required for use by inmates within the Collin County Detention Facility. *See* UMF No. 5; Exs. 2 and 3. She asserts that a copy was provided to him during his current incarceration, which he signed on June 8, 2010. *See id.*; Ex. 2. She further asserts that a copy was provided to Plaintiff during a previous incarceration, which he signed on July 19, 2009. *See id.*; Ex. 3.

Defendant further asserts that the grievance procedure required in the Collin County Detention Facility:

> . . . requires that the inmate complete a two-step process. First, the inmate must submit a "complaint" form. *See* Exhibit 2. The health care staff involved must respond in thwriting within ten (10) calendar days of its receipt. *See* Exhibit 2. Second, the inmate may appeal his/her complaint's recommended resolution through the grievance process. *See* Exhibit 2. After the completion of the complaint, the inmate may request a "grievance" form from health care staff. *See* Exhibit 2. The inmate must then fill out and sign the grievance form and return it to Health Services. *See* Exhibit 2.

*See* UMF No. 5.

As noted above, Plaintiff has not filed a response in opposition to Defendant's MSJ. However, in his Notice of Discovery Disclosures, Plaintiff states, "Here is a facility grievance,

7

marked with 'B,1 - B,2 - B,3', which this facility only has a one step grievance process, and it was denied." *See* docket entry #17 at PageID #59, item no. 2. This document does two things that will be discussed herein. First, it contradicts Defendant's UMF No. 5, albeit unwittingly. The Court will examine the Grievance Procedure forms Plaintiff signed and determine whether the grievance is a one- or two-step process. Second, Plaintiff attaches four documents to his Notice of Discovery Disclosures. The Court will examine those documents and compare them to the summary judgment evidence submitted by Defendant and determine whether they create a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), so as to defeat summary judgment.

   **A.  The Collin County Detention Facility Grievance Process**

The Grievance Procedure form enumerates the process for airing a grievance to Jail personnel. In pertinent part, it states:

- No Inmate will be denied access to this process.

- When an Inmate attempts to grieve an item that is not grievable, is out of time, includes threats, profanity, insults or racial slurs that are not a part of the Inmate's complaint, or otherwise does not comply with the requirements of this procedure, it will be rejected, noting the specific reason for this action.

- An Inmate with a complaint that cannot be resolved through discussion with the staff involved will first attempt to resolve the complaint with a written Health Care Complaint before filing a Health Care Grievance.

- The health care staff involved or designee will respond verbally to the Health Care Complaint within five (5) calendar days unless the complaint is deemed an emergency.

- The Inmate will receive a written response within ten (10) calendar days of the receipt of the Health Care Complaint. The steps taken and reasonable solution reached will be documented in the written response to the Health Care Complaint.

- After completing the Health Care Complaint process, the Inmate may decide to appeal his/her complaint's recommended resolution through the grievance process.

> At the completion of the Health Care Complaint, the Inmate may request a Health Care Grievance form from health care staff, which will be provided at the time of the request.
>
> • The Inmate must fill out and sign the Health Care Grievance form and return it to the Health Services Administrator/Designee within five (5) calendar days of the Inmate's receipt of the written resolution of the Health Care Complaint. The Health Services Administrator/Designee may waive this time limit for good cause.

*See* MSJ Exs. 2 and 3 (provisions that are not material to this analysis are not recited above). In addition, Defendant has submitted two affidavits: her own, as Health Services Administrator of the Collin County Detention Facility at the time Plaintiff filed his complaint (MSJ Ex. 6, the "Schandelmeier Aff.") and that of Charles Adams, the Assistant Chief of the Collin County Sheriff's Office (MSJ Ex. 7, the "Adams Aff."). Aside from attesting to the authenticity of the MSJ exhibits from Plaintiff's medical files, Defendant Schandelmeier's affidavit restates the two-step grievance procedure required by the Collin County Detention Facility (*see* Schandelmeier Aff. at ¶ 4).

In the face of the incontrovertible evidence of the Grievance Procedure forms, which were signed by Plaintiff (MSJ Ex. 2 and 3), and the Schandelmeier Affidavit, attesting to the existence of a two-step grievance process, Plaintiff's comment that "this facility only has a one step grievance process," Notice of Discovery Disclosure at PageID #59, item no. 2, is incorrect. It is conclusory and unsupported by any evidence. Therefore, it does not satisfy the nonmovant's burden to show a disputed issue of fact. *Little*, 27 F.3d at 1075. That being the case, Plaintiff has not presented "a genuine dispute of material fact," Fed. R. Civ. P. 56(a), with regard to the existence of a two-step grievance process, and Defendant's assertion thereof at UMF No. 5 accordingly survives.

B.     **Whether A Genuine Dispute Exists As To Exhaustion**

Next, the Court examines the evidence submitted by the parties to determine whether

Plaintiff has shown a genuine dispute over the issue of exhaustion of administrative remedies. The Schandelmeier Affidavit also explains the policy to maintain copies of complaints and grievances in the medical unit (Schandelmeier Aff. at ¶ 8), that Plaintiff filed a complaint on August 27, 2012, on the subject of eye care (*id*. at ¶ 10), that Defendant Schandelmeier provided a reply to Plaintiff on August 30, 2012 (*id*. at ¶ 11), that there is no record of Plaintiff having filed any grievance after the August 27, 2012, complaint (*id*. at ¶¶ 9, 12), and makes the conclusion that Plaintiff only completed step one of the two-step grievance procedure (*id*. at ¶ 13). Assistant Chief Adams' affidavit relates that he currently also serves as Jail Administrator (*see* Adams Aff. at ¶ 2), and that at the time of Plaintiff's complaint, he was also assigned as a Captain with the Collin County Sheriff's Office (*id*. at ¶ 3). It further attests that there is no record in the Jail's administrative file of any grievance form having been submitted by Plaintiff related to the allegations of his complaint. *Id*.

Exhibits 4 and 5 to the MSJ present a form completed by Plaintiff on August 27, 2012, entitled "Collin County Jail Grievance/Complaint Form," and a completed "Complaint Reply Form" dated August 30, 2012, from Defendant Schandelmeier to Plaintiff Layton, respectively. These are the documents to which the Schandelmeier Affidavit refers, above, as a "complaint" and a "reply."

Plaintiff also submits these same documents in his Notice of Discovery Disclosure, labeled as Exhibits B,2 and B,3. He also submits two additional documents. Plaintiff's Ex. B,1 is another completed "Collin County Jail Grievance/Complaint Form" that he also submitted on August 27, 2012. Plaitniff's Ex. A is a completed "Inmate Request" directed to the Medical Director and dated July 20, 2012.

Taking all of these exhibits together, in chronological order, they consist of:

Plaintiff's Ex. A: Inmate Request dated July 20, 2012, in which Plaintiff addresses the Medical Director that he had submitted for a sick call, which was conducted on June 28, 2012, and that he had heard nothing since then; asserting the need for an eye exam and "a script for new contacts[.]" The handwritten response in the bottom half of the form is dated July 23, 2012, and states, "This is not a service provided at the county level. Your wife can bring you a pair of glasses if your outside doctor will approve the prescription. You were informed on 6/28 that we do not provide eye care." It was signed, "Paula S. RN."

Plaintiff's Ex. B,1: Collin County Jail Grievance/Complaint Form dated August 27, 2012, in which Plaintiff complains that his parole officer informed him that they are paying his medical bill due to a parole hold, but that he is still being required to pay for his medical care. He stated that "all the money I owe to medical should be dropped and the money that was taken for medical when I first got here should be returned. I was brought to this jail with the parole hold already active." He added that "I already filed one grievance on July 23, and still have got no response." That "grievance," if filed, is not in evidence.

MSJ Ex. 4/
Plaintiff's Ex. B,2: Collin County Jail Grievance/Complaint Form dated August 27, 2012, in which Plaintiff complains about "Compleat [*sic*] and proper medical care! I have been in this jail two (2) years, I have requested an eye exam, and denied! I am legally blind with correctable vision, my eye health care is very important to me! I need a new script written. I have been wearing the same two week disposable contacts for near a year, and now only have one. It is almost gone." He identifies the Jail staff person involved as "Ms. Paula RN and the medical dept." He also stated the dates of prior occurrences as "6/28/2012 and again 7/24/2012." He added "pertinent details" including, "Ms. Paula R.N. said my eye docter [*sic*] could write a scrip, and my people bring it to me. But that is the same as a MD writing a scrip for pills, without seeing me it is against the law! Is that what she stand for?" The only differences between the two exhibits are handwritten annotations at the tops of the respective copies that have no material effect on the content.

MSJ Ex. 5/
Plaintiff's Ex. B,3: Complaint Reply Form dated August 30, 2012, from Paula Schandelmeier to Thomas Layton. It reflects the "Time and date alleged complaint occurred: 6/28/12, 7/24/12." Defendant Schandelmeier wrote: "Regarding your medical costs, you are

> responsible for those. You have yet to be sentenced, so you are not property of TDC. Parole does not cover medical charges. [¶] Regarding your eye glasses, again, we do not provide routine eye examinations. If you had a previous pair of prescriptions glasses, your family can provide those. What was suggested was that if you previously had a prescription and no glasses, it would be up to your eye doctor to continue that. You are correct, most of the time they will not without an examination. Reading glasses are provided on commissary." In other words, Defendant Schandelmeier provided a complaint reply to the two separate issues raised in Plaintiff's two separate Collin County Jail Grievance/Complaint Forms submitted on August 27, 2012. Again, the only differences between the two exhibits are immaterial annotations at the tops of the respective copies.

Plaintiff's Ex. A is simply an Inmate Request form used for arranging a sick call or requesting medical services, and that is precisely what Plaintiff asked for in this case. The response by Defendant Schandelmeier constitutes notice that the service requested - eye examinations - are not provided by the County for Jail inmates. The document at Ex. A was properly submitted by Plaintiff as discoverable material because it relates to the subject of his request for an eye examination; however, it is not part of the Collin County Detention Facility grievance process by its content and by the description in the Grievance Procedure outline.

Plaintiff's Ex. B,1 and B,2 (which is also Defendant's MSJ Ex. 4) are communications on a standard Collin County Jail Grievance/Complaint Form. Neither of these forms is entitled, "Health Care Complaint" or "Health Care Grievance," as envisioned in the Grievance Procedure outline. *See* MSJ Exs. 2 and 3. However, by the form's title, the same form serves as either a Complaint (step one in the grievance procedure) or a Grievance (step two in the grievance procedure). On that basis, the first time that Plaintiff raised his issue about an eye examination beyond a request for a sick call for an eye examination was in one of the two August 27, 2012, Collin County Jail

Grievance/Complaint Forms that he submitted. That was Plaintiff's Ex. B,2. In the grievance procedure terminology, that made it a "Complaint," or step one in the process. His other August 27, 2012, Complaint was also on a medical subject, but it regarded the requirement that he pay for medical services; it did not deal with a request or demand for an eye examination. Therefore, Ex. B,1 does not pertain to the grievance procedure for the eye examination in any case and cannot affect the exhaustion analysis herein.

The operative documents remain Plaintiff's Ex. B,2/MSJ Ex. 4 and Plaintiff's Ex. B,3/MSJ Ex. 5. The former document can only represent a "Complaint," or step one of the grievance procedure, even if it is entitled a "Grievance/Complaint Form" and not a "Health Care Complaint" as labeled in the Grievance Procedure outline. In it, as reflected in both parties' exhibits, Plaintiff made a *Complaint* regarding not having received an eye examination and a glasses prescription, as well as the lack of results he had during his earlier sick call. That constitutes a perfectly viable step one under the Grievance Procedure. The fact that the form was considered a *Complaint* is also reflected in Defendant Schandelmeier's reply, which was entitled, "Complaint Reply Form." *See* Plaintiff's Ex. B,3 and MSJ Ex. 5. That response, which was given three days after Plaintiff's Complaint and was therefore well within the time requirements of the Grievance Procedure, included a resolution of the complained-of situation. That is, Plaintiff's family could provide him a pair of glasses if there was a pair available; his eye doctor could provide a prescription if he was willing to do so without a current examination; or Plaintiff could avail himself of "reading glasses" available from the commissary. *See id.*[3]

---

[3] The Court also notes that Plaintiff admits in his Notice of Discovery Disclosures that he has "now been given an eye exam. . ." in the progress of his case. *See* docket entry #17 at cover (PageID #58). He does not state whether he received glasses.

Under the Grievance Procedure, if Plaintiff was not satisfied with that resolution, he could then file a Grievance. *See* MSJ Ex. 2 and 3. Plaintiff acknowledged the contents of the Grievance Procedure, both during his current incarceration (MSJ Ex. 2) and during a prior incarceration (MSJ Ex. 3). However, he did not file a Grievance. *See* Notice of Discovery Disclosure at PageID #59 (referring to the "one step grievance process"); Schandelmeier Aff., ¶¶ 9, 12 and 13; Adams Aff., ¶ 3.[4] Therefore, whatever terminology the Collin County Detention Facility uses for its grievance procedure-related forms, Plaintiff did not exhaust his administrative remedies. However, exhaustion is mandatory before a prisoner may file a civil rights lawsuit pursuant to 42 U.S.C. § 1983. *Jones*, 549 U.S. at 211; *Gonzalez*, - - - F.3d - - - -, 2012 WL 6176482, at *2; *Moussazadeh*, - - - F.3d - - - -, 2012 WL 6635226, at *4.

For that reason, Plaintiff has failed to state a claim upon which relief may be granted. He has not shown "a genuine dispute as to any material fact" to controvert Defendant's Motion for Summary Judgment, or that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff's lawsuit should therefore be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## III.   RECOMMENDATION

It is accordingly recommended that the Defendant Schandelmeier's Motion for Summary

---

[4] Furthermore, even if Plaintiff were to argue that his original Inmate Request of July 20, 2012 (Plaintiff's Ex. A), satisfied the requirements of a step one complaint under the Grievance Procedure and that the August 27, 2012, Collin County Jail Grievance/Complaint Form regarding his eye exam (Plaintiff's Ex. B,2) should be considered the corresponding step two grievance, he would be incorrect. The Grievance Procedure explicitly requires that a step two grievance must be filed within five calendar days of the inmate's receipt of the written resolution of the step one complaint. *See* MSJ Ex. 2 and 3. In this case, Defendant Schandelmeier returned the July 20, 2012, Inmate Request with a written reply on July 23, 2012. *See* Plaintiff's Ex. A. However, Plaintiff did not file his Ex. B,2 until August 27, 2012, *see* Plaintiff's Ex. B,2, well over a month later. Therefore, it did not comply with the written requirements of the Grievance Procedure and he would have failed to exhaust his administrative remedies in any case.

Judgment (docket entry #16) be **GRANTED** and that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to exhaust his administrative remedies and, therefore, failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 7th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE